# N. Y. COMMON PLEAS.

## The People *ex rel.* Levi S. Stockwell, agt. Abraham L. Earle, County Auditor.

*Mandamus — variance — no appropriation — lease — fraud.*

A variance between the declaratory and mandatory part of a writ of alternative mandamus is not fatal. It may be amended.

The plea of "no appropriation" is not properly interposed by the county auditor on a proceeding to compel him to audit a claim; that should be reserved for an application to compel its payment.

The power given to the board of supervisors of New York to provide for the permanent location of an armory, by erecting the same, may be fairly construed to authorize the hiring of a building for that purpose for a term of years.

The question of fraud may be raised and investigated whenever it is made to appear, and the audit of the board of supervisors is not conclusive on that point. But a general charge of fraud in the return to a writ of mandamus is insufficient; subject, however, to amendment by setting up specific acts of fraud.

*General Term, May,* 1874.

The claim of the relator herein was audited and allowed by the board of supervisors on the 8th day of December, 1873, and ordered to be paid by the comptroller; a certified copy of the resolution of the said board, and the necessary voucher thereto attached, were delivered to the respondent on the 10th day of December, 1873.

*E. Delafield Smith,* corporation counsel, for appellant.

*Michael H. Cardozo,* counsel for relator.

I. The audit and allowance of the relator's claim by the board of supervisors have the force and effect of a judicial determination, and they cannot be questioned in this proceeding on the ground of fraud in the claim itself. Their determination is absolutely conclusive as to the justice and legality of the claim (*People ex rel. Brown* agt. *Green, supreme court, general term,* 1st *department,* BRADY, *J.,* and *authorities there cited,* 46 *How. P. R.,* 302 ; *People ex rel. Kinkel* agt. *Earle, court of common pleas, special term,* J. F. DALY, *J. ; People ex rel. Brown* agt. *Earle, common pleas, general term,* DALY, *Ch. J. ; People ex rel. Outwater* agt. *Earle, common pleas, general term,* DALY, *Ch. J.*).

True, the judgment of the supervisors does not alone entitle the creditor to payment; he must submit his vouchers to the auditor for examination, allowance and approval. The board determines the existence of the indebtedness, and the finance department must see to it that proper vouchers are presented, examined and allowed. The two things are in harmony, and entirely consistent with each other, one relating to the examination and allowance of the claim, the other to its payment on proper vouchers.

The auditor does not sit in judgment upon the demand ; his power is not judicial, it is only ministerial.

II. It is no consequence that in the opinion of the auditor and others the rent reserved in this lease is too high. Their views cannot prevail to defeat the judgment of a competent tribunal (*People ex rel. Brown* agt. *Green, supra*).

Even in an action brought for the express purpose of setting aside this lease, the fact that the rent was excessive would be no evidence of fraud. It would create no such presumption.

III. Immediately upon the execution of the lease in question, the supervisors took possession of the premises therein described, and have ever since been and still are in the occupation of the same.

They have commenced no proceedings to set aside the lease

for fraud in its inception, nor to cancel it for any other reason whatsoever. They are, therefore, concluded, for having remained in possession under the lease; they are bound to pay the rent reserved therein; they cannot hold the lease and refuse to pay the rent.

IV. The fact that the respondent alleges that there are no funds applicable to the payment of the relator's claim is no answer to this application to compel the auditor to audit a voucher. It only becomes material when a proceeding to compel payment is instituted against the comptroller (*People ex rel. Martin* agt. *Earle,* FANCHER, *J.; People ex rel. Miller* agt. *Earle,* MONELL, *Ch. J.,* 46 *How. Pr. R.,* 367).

V. There can be no doubt but that the board of supervisors had a perfect right to authorize the execution of the lease in question. And the expense incurred thereby is by express legislative enactment made a county charge (*Laws of* 1862, *chap.* 477, §§ 119, 120).

VI. Though the rules of common-law pleading are still in force as to the law of mandamus, and though the rule, that he who makes the first mistake must fail, be true, it must nevertheless be recollected that this is so but to a limited extent; for, by section 471 of the Code of Procedure, full and plenary power is conferred upon the court wherein the matter is pending of allowing "amendments of any mistakes in process, pleadings or proceedings" relative to mandamus, and that "they shall be made in conformity to the provisions of chapter 6, title 6 (§§ 169, 177), of the second part of the the Code of Procedure" (*Code,* § 471).

Therefore, if there be any technical defect in the writ of alternative mandamus, as was suggested concerning the use of the word "claim" in the commanding part of the said writ, and the word "voucher" in the declaratoy part thereof, the right and duty of the court to allow any amendment that may be found necessary, and this, too, after a full hearing on the merits, no surprise being suggested, cannot be questioned.

VII. Again, the declaratory or narrative portion of the writ shows that the "necessary" voucher was presented to the respondent, and it was suggested that the form of the voucher, and its specific details, should have been shown.

But the fallacy of this argument must be apparent, for the word "necessary" certainly includes proper, and even more, and indeed it is not suggested in the return made by the respondent that the voucher was not correct in form and substance. If it was incorrect, the court should have been informed of that fact by the respondent, for certainly the relator's pleading threw the burden on him to do so. And the court should not be asked to infer that the voucher was not perfect, for the means of knowledge were with the auditor, and there can be no doubt but that the latter would have made its defects appear if any there had been.

And indeed it is confidently submitted that the relator's alternative writ now before the court is abundantly proper and correct; the various allegations concerning the execution of and charges of fraud against the said lease belong there; for it is the duty of the pleader to anticipate and answer each and every defense that can be made to the claim of the relator (*Cary's Sp. Pro. vol.* 2, *pp.* 62 *and* 63 ; 1 *Chitty's Gen. Pr.*, 808, 809).

VIII. This lease was executed by direction of the board of supervisors in office in June, 1871; and in January, 1873, another and entirely new board of supervisors had come into office, chosen by the suffrages of the people when the cry for reform was rife through the land, and known as a reform board, which caused an investigation to be made concering this and other leases, and they determined that the county of New York was legally liable for the rent reserved in the said lease.

And yet this court is asked to presume the present board of supervisors are outrageously corrupt, and have been guilty of the grossest fraud in the investigation concerning this lease and the audit of the relator's claim. But we submit

that, if any presumptions are to be indulged in, directly
the contrary must prevail, for this audit by the said board
is, as we have shown, essentially a judgment — a judicial
determination — and the maxim, therefore, undoubtedly is,
*judicium semper pro veritabile accipitur.*

IX. If the decision of the board of supervisors be erro-
neous, it must be reviewed · by a court of competent jurisdic-
tion in the manner provided by law. It cannot be attacked
collaterally `(*People ex rel. `Kinkel* agt. *Earle, supra,* J. F.
DALY, *J.*).

X. The court should direct a writ of peremptory manda-
mus to issue, commanding the respondent to audit, approve
and allow the voucher for the relator's claim.

· LARREMORE, *J.*—The objections raised on the argument for
writ of peremptory mandamus have been duly considered
and have led me to the following conclusions :

*First.* The variance between the declaratory and manda-
tory part of the alternative writ is not fatal. Section 471 of
the Code is a sufficient authority for an amendment of the
proceeding.

· *Second.* The plea of " no appropriation " is not properly
interposed by the county auditor upon a proceeding to com-
pel him to audit, approve and allow a claim, but should be
reserved for an application to compel its payment.

*Third.* Sections 119 and 120 of the act to provide for the
enrollment of the militia, passed April 23, 1862, confer
sufficient authority upon the board of supervisors, not only
to hire, but to erect a suitable and convenient armory, drill-
room and place for the safe-keeping of arms, &c., and the
expense thereof is made a county charge. The power given
to provide for a permanent location of an armory, by erecting
the same, may be fairly construed to authorize the hiring of
a building for that purpose for a term of years.

*Fourth.* The question of fraud may be raised and investi-
gated whenever it is made to appear, and the audit of the

board of supervisors is not conclusive upon this point. *The* *People ex rel. Brown* agt. *Green* (46 *How. Pr. R.*, 302); *Same ex rel. Kinkel* agt. *Earle* (*as modified at last general term*); *People ex rel. Outwater* agt. *Earle*, are not adverse to this theory.

But the charge of fraud is general, and points out no specific act (save alleged excess of rent reserved) which the relator is called upon to controvert. In this particular the return is also insufficient.

But the respondent may have leave to file an amended return within ten days, when, if specific acts of fraud are alleged, the proof of which would avoid the lease, the issues thus raised may be ordered to be tried.